IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **TRAVIS WILLIAM YATES** | | Case No. 18-24126-MMH |
| | * | Chapter 7 |
| Debtor | | |
| | * | |
| * * * * * * | | |
| | * | |
| **HUHRA HOMES, LLC** | | |
| | * | Adv. Proc. No. _____ |
| Plaintiff | | |
| | * | |
| v. | | |
| | * | |
| **TRAVIS WILLIAM YATES** | | |
| and | * | |
| **KRISTIN ANN GOETZ** | | |
| | * | |
| Defendants | | |

* * * * * * * * * * * * * *

**ADVERSARY COMPLAINT**

Plaintiff, Huhra Homes, LLC ("Huhra Homes"), hereby sues Defendants Travis William Yates ("Debtor") and Kristin Ann Goetz ("Debtor's Wife"), and states as follows:

**Introduction**

1. This adversary proceeding arises out of Debtor's concealment of $17,221.43 in a cash account at First Financial Federal Credit Union and false statements he made to the Court to conceal this asset.

2. Approximately one month before Debtor filed this Chapter 7 case, Debtor and Debtor's Wife removed Debtor's name from a First Financial Federal Credit Union account

1

containing $17,221.43 cash and changed the account number to conceal it from creditors. Debtor failed to disclose the existence of this account on his schedules. Because Debtor and Debtor's Wife are joint debtors for Huhra Homes' claim, no marital exemption applied to this asset.

3.      Because Debtor concealed this asset and made false statements to the Court about it, the Court should deny a discharge. Furthermore, because the transfer to Debtor's Wife was a fraudulent conveyance and illegal preference payment, the Court should order that she turn over $17,221.43 to the Trustee.

**Facts Common to All Counts**

4.      In 2017, Debtor and Debtor's Wife filed a Chapter 13 case, No. 17-22528-MMH, in this Court. Huhra Homes filed a claim therein for breach of a custom home construction contract for which Debtor and Debtor's Wife were jointly liable. Huhra Homes' claim was allowed in the amount of $117,301.99, which now is res judicata. *See Covert v. LNV Funding, LLC,* 779 F.3d 242, 247 (4th Cir. 2017) (allowed claims are res judicata after Chapter 13 plan has been confirmed). Debtor and Debtor's wife then voluntarily dismissed their Chapter 13 case on October 4, 2018.

5.      On October 24, 2018, Debtor filed this Chapter 7 case by himself.

6.      Huhra Homes' counsel noticed that Debtor's Chapter 7 schedules did not include a bank account that had been listed on his Chapter 13 schedules at a financial institution called "First Financial." So Huhra Homes moved for a Rule 2004 subpoena and for disclosure of the full name and location of "First Financial." (ECF 16.) On February 1, 2019, this Court authorized the subpoena and ordered that: "Debtor shall promptly provide to Huhra Homes' counsel the full name and address of the entity he described as 'First Financial' in the schedules he filed in Case No. 17-25528." (ECF 20.)

7.      After the Court ordered Debtor to provide the full name and address for "First Financial" to Huhra Homes' counsel, Debtor refused to comply with the order. From February 25 to March 15, 2019, Huhra Homes' counsel emailed and telephoned Debtor's counsel four separate times to request this information but received no response. So on March 19, 2019, Huhra Homes filed a Motion for Contempt. (ECF 28.) The next day, Debtor's counsel provided the full name and address for First Financial Federal Credit Union, and Huhra Homes finally was able to serve the Rule 2004 subpoena.

8.      On April 29, 2019, Huhra Homes' counsel received the subpoenaed documents from First Financial Federal Credit Union. They revealed that Debtor and Debtor's Wife had a joint cash account at First Financial Federal Credit Union, until September 17, 2018, which was 36 days before Debtor filed this case. On that date, they removed Debtor's name from the account and changed the account number in a fraudulent attempt to conceal it from Debtor's creditors. As of September 17, 2018, the account balance was $17,221.43.[1] (**Exhibit A.**)

9.      On April 30, 2019, Huhra Homes' counsel telephoned Debtors' counsel about the concealed bank account he had just uncovered at First Financial Federal Credit Union and informed him that he would be filing an objection to discharge.

---

[1] The account is broken into two portions: "Complete Checking," whose balance was $3,115.83, and "Savings," whose balance was $14,105.60 on September 17, 2018. The sum of these portions is $17,221.43. Both portions have the same account number, which was XXXXXX7190, but changed to XXXXXX9160 on September 17, 2018. (Exhibit A.)

10. The next day, Debtor filed amended schedules that changed his prior responses and disclosed, for the first time, the previously concealed First Financial Federal Credit Union account.[2]  (ECF 31 at 6-7.)

### Count 1 – Objection to Discharge
### (Huhra Homes v. Travis Yates)

11. Huhra Homes incorporates all preceding paragraphs as if set forth fully here.

12. The Debtor is not entitled to a discharge because he has, inter alia, (a) with intent to hinder, delay, or defraud a creditor, transferred and concealed property of the Debtor within one year before filing the petition; (b) knowingly and fraudulently, in connection with this case, made a false oath or account; and (c) refused to obey a lawful order this Court, all in violation of 11 U.S.C. § 727.

### Count 2 – Turnover of Property
### (Huhra Homes v. Kristin Goetz)

13. Huhra Homes incorporates all preceding paragraphs as if set forth fully here.

14. Removing Debtor from title of the First Financial Federal Credit Union account just 36 days before the petition constituted a fraudulent conveyance and preferential payment to Debtor's Wife.

15. The First Financial Federal Credit Union account balance was $17,221.43 when Debtor was removed from title.

16. No martial exemption applied to the First Financial Federal Credit Union account because Debtor and Debtor's Wife jointly were indebted to Huhra Homes for the claim. *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir. 1985).

---

[2] Debtor's amended schedules stated $3,115.83 in the checking portion and $14,114.50 in the savings portion, which totals $17,230.33.  This was the final account balance for the statement ending September 30, 2018.

17.     Debtor's Wife is required to turn over $17,221.43 to the Trustee, pursuant to 11 U.S.C. § 542.

WHEREFORE, Plaintiff, Huhra Homes, respectfully requests that this Court enter an order:

(A)  Denying a discharge for Defendant Travis Yates;

(B)  Ordering Defendant Kristin Ann Goetz to turn over $17,221.43; and

(C)  Granting such other relief as the Court may deem necessary and proper.

Respectfully submitted,

  /s/ Martin H. Schreiber II
Martin H. Schreiber II (Fed. Bar No. 22886)
Law Office of Martin H. Schreiber II, LLC
3600 Clipper Mill Road, Suite 201
Baltimore, MD 21211
Tel: 410-366-4777
Fax: 443-308-5688
Email: mhs@schreiber-law.com

*Attorney for Plaintiff,*
*Huhra Homes, LLC*