## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| TRAVIS W. YATES. | * | Case No.: 18-24126 |
| | * | Chapter 7 |
| *Debtor(s).* | * | |
| | * | |
| * * * * * * | * | * * * * * |
| | * | |
| HUHRA HOMES, LLC, | * | Adversary No. 19-00139 |
| | * | |
| *Plaintiff(s),* | * | |
| | * | |
| *vs.* | * | |
| | * | |
| TRAVIS W. YATES et al., | * | |
| | * | |
| *Defendant(s).* | * | |
| | * | |
| * * * * * * | * | * * * * * |

### DEFENDANT TRAVIS YATES' ANSWER TO COMPLAINT

The Defendant, Travis W. Yates ("Defendant" and/or "Mr. Yates"), by undersigned counsel, hereby responds to the *Complaint*, filed by Plaintiff, Huhra Homes, LLC ("Plaintiff" and/or "Huhra Homes"), and states as follows:

### General Denial

The Defendant generally denies all liability and all averments of fact contained within the Complaint and each and every Count therein and demands strict proof thereof.

### First Defense
### (Failure to State a Claim)

As a separate and affirmative defense to the Complaint, and to each purported cause of action thereof, Defendant submits that the Complaint, and each purported cause of action thereof, fails to state a claim against Defendant and fails to state facts sufficient to constitute a cause of action against Defendant pursuant to Federal Rules of Civil

Procedure 9 and 12(b)(6) and other applicable law. Accordingly, the Complaint and the causes of action asserted therein should be dismissed.

### Second Defense
### (Failure to Allege with Specificity)

Plaintiff is barred from recovery in this action because Plaintiff failed to specifically allege the acts and representations that supposedly constituted the alleged fraud under Federal Rule 9(b).  The Plaintiff's Complaint fails to identify any specific transfers or conveyances that were fraudulent or that were not supported by adequate consideration.

### Third Defense
### (Standing)

Plaintiff is barred from recovery in this action because Plaintiff has not sustained any legally cognizable injury and therefore lacks standing.  Further, under Maryland law, Plaintiff is barred from pursuing any claim against Defendant.  Plaintiff also lacks standing to seek the requested remedy and require turnover under Federal law. Accordingly, the Complaint and the causes of action asserted therein should be dismissed.

### Fourth Defense
### (Personal Jurisdiction)

Plaintiff's claims for recovery in this action are barred because this Court does not have the authority to exercise personal jurisdiction over the parties in this action.

### Fifth Defense
### (Subject Matter Jurisdiction)

Plaintiff is barred from recovering in this action because this Court lacks subject matter jurisdiction over the Plaintiff's claims.

**Sixth Defense**
**(Good Faith)**

Plaintiff's claims for recovery in this action are barred because the alleged transfers were made in good faith.

**Seventh Defense**
**(Lack of Intent)**

Defendant Mr. Yates did not have any intent to carry out an unlawful arrangement with Defendant Ms. Goetz. Defendant did not have the intent to hinder, delay, or defraud creditors.

**Eighth Defense**

Plaintiff's claims for recovery in this action are barred because consideration was exchanged between Defendant Mr. Yates and Defendant Ms. Goetz.

**Ninth Defense**

Defendant did not receive any benefit or pecuniary interest from any of the alleged transfers/transactions.

**Tenth Defense**
**(Lack of Mutual Agreement or Understanding)**

Mr. Yates had no agreement or mutual understanding to conspire and/or carry out an unlawful act with Defendant Ms. Goetz.

**Eleventh Defense**
**(No Material False or Misleading Statements or Omissions)**

Plaintiff is not entitled to any recovery from Mr. Yates because any alleged false or misleading statements or omissions attributable to Mr. Yates, which Mr. Yates denies, were not material. The Defendant's Statement of Financial Affairs was amended to disclose the ministerial omission.

**Twelfth Defense**

Mr. Yates made no false representations of past or existing material fact to Plaintiff. Moreover, Mr. Yates concealed no material facts, made no statements or promises, made no false statements or promises with intent to induce Plaintiff's reliance on such statements or promises, and Plaintiff did not justifiably rely on any representations or promises, if any, made by Mr. Yates.

**Thirteenth Defense**

Plaintiff is not entitled to collect attorney's fees herein.

**Fourteenth Defense**

Plaintiff is not entitled to any recovery from Mr. Yates because the alleged damages, if any, are speculative.

**Fifteenth Defense**

Plaintiff may not recover the alleged transfer because the Debtor was not insolvent at the time of the alleged transfer and did not become insolvent as a result of the alleged transfer.

**Sixteenth Defense**

Any alleged transfer was made in good faith and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

**Seventeenth Defense**

Mr. Yates did not receive any benefit or pecuniary interest from any of the alleged transactions.

**Eighteenth Defense**

Plaintiff may not recover the alleged transfer because the alleged transfer was not with the intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date of such alleged transfer was made, indebted to.

**Nineteenth Defense**

Defendant Mr. Yates had no agreement or mutual understanding to accomplish an act through unlawful means with Defendant Ms. Goetz.

**Twentieth Defense**
**(Reservation of Rights Pending Discovery)**

Defendant reserves the right to adopt and/or assert any such other further defenses which may be revealed by subsequent investigation and/or discovery.

**Twenty-First Defense**
**(Reservation of Rights)**

Defendant reserves the right to adopt and/or assert any such other further defenses which may be raised by any other party to this action.

**Twenty-Second Defense**

In answer to each individually numbered paragraph of the Complaint, Defendant states as follows, noting that any allegation not specifically admitted is denied:

1.      Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.      Paragraph 2 of the Complaint contains conclusions of law regarding the applicability of a marital exemption and the Defendant is not required to respond to said allegations; to the extent a response is required, Defendant denies these allegations.

Defendant admits that his name was added to his wife's First Financial Federal

Credit Union ("First Financial") bank account in April 2018 and removed from said bank account on or about September 17, 2018. Defendant states that his name was added to his wife's account for the sole purpose of applying for an automobile loan and further that his wife, Ms. Goetz, removed his name from the account after the couple decided to separate.

Defendant states that all funds in the First Financial account belong to his wife and that he has neither contributed nor withdrawn funds from the account at any time. Defendant admits that, per First Financial's banking policies, the account number had to be changed at the time the Defendant Mr. Yates' name was removed; First Financial required Defendant to sign a form letter acknowledging said policy and consenting to the change.

Defendant Mr. Yates denies having any intention to conceal his wife's account from creditors. Defendant states that his wife's First Financial account was disclosed on Schedule A/B in the couple's prior joint Chapter 13 bankruptcy case (Case No. 17-22528) and is also disclosed on Defendant's Amended Statement of Financial Affairs in the Defendant's current Chapter 7 bankruptcy case (Case No. 18-24126). Defendant further denies any and all remaining allegations contained in Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint contains conclusions of law to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 3 of the Complaint.  Defendant further states that he has not concealed any assets and/or made any false statements to the Court. Defendant states that his wife's First Financial account is disclosed on his Amended

Statement of Financial Affairs and that he remains candid with the Court.   See ECF at Doc. No. 31.

4.      Defendant admits that he and his spouse, Kristin Ann Goetz ("Ms. Goetz"), jointly filed for Chapter 13 bankruptcy protection on September 19, 2017, instituting Case No. 17-22528 in this Court.  Defendant admits that he and Ms. Goetz filed a voluntary Motion to Dismiss their joint Chapter 13 case on October 1, 2018. Defendant admits that the Court entered an order dismissing said Chapter 13 case on October 4, 2018.  Defendant further admits that Plaintiff filed a Proof of Claim in said Chapter 13 case (POC No. 5-1) on or about December 10, 2017 in the amount of Ninety-Six Thousand Six Hundred Ninety-Nine Dollars and Ninety-Nine Cents ($96,699.99). Defendant further admits that Plaintiff filed an Amended Proof of Claim in said Chapter 13 case (POC No. 5-2) on or about January 15, 2018 in the amount of One Hundred Seventeen Thousand Three Hundred One Dollars and Ninety-Nine Cents ($117,301.99). Defendant disputes owing Plaintiff any monies.  Plaintiff and Defendant have sued each other in state court and Plaintiff did not obtain any judgment against Defendant.

The remaining allegations in Paragraph 4 of the Complaint contain conclusions of law to which Defendant is not required to respond; to the extent a response is required, Defendant denies any and all remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in Paragraph 5 of the Complaint to the extent that he admits filing a voluntary petition for relief under Chapter 7 of Bankruptcy Code on October 4, 2018, commencing Case No. 18-24126 in this Court.

Defendant denies any and all remaining allegations contained in Paragraph 5 of the Complaint.

6.     Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint regarding Plaintiff's observations and, therefore, neither admits nor denies the same.  Defendant admits that Plaintiff filed a Motion for Order Authorizing Subpoenas for Documents from PNC Bank, First Financial, and Padonia Auto Pursuant to Rule 2004 (ECF at Doc. No. 16) on December 26, 2018 and that the Court entered an order granting said Motion on or about February 1, 2019 (ECF at Doc. No. 20).  Defendant further admits that Paragraph 6 of the Complaint contains a quote from the Court's Order granting Plaintiff's Motion for Order Authorizing Subpoenas for Documents from PNC Bank, First Financial, and Padonia Auto Pursuant to Rule 2004 (ECF at Doc. No. 20).  Defendant denies any and all remaining allegations contained in Paragraph 6 of the Complaint.

7.     Defendant denies the allegations contained in Paragraph 7 of the Complaint to the extent that he denies refusing to comply with the Court's Order. Defendant admits that Plaintiff filed a Motion to Contempt on or about March 19, 2018 (ECF at Doc. No. 28).  Defendant admits that Debtor's counsel provided Plaintiff with the full name and address for First Financial bank account on or about March 20, 2018. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint regarding Plaintiff's actions and activities and, therefore, neither admits nor denies the same. Defendant denies any and all remaining allegations contained in Paragraph 7 of the Complaint.

8.      Defendant admits the allegations contained in Paragraph 8 of the Complaint to the extent that Defendant admits that his name was added to his wife's First Financial bank account in April 2018 and removed from said bank account on or about September 17, 2018.  Defendant notes that the First Financial bank account and all funds in the account belonged to his wife.  Defendant states that his name was added to his wife's account for the sole purpose of applying for an automobile loan and further that his wife, Ms. Goetz, removed his name from the account after the couple decided to separate.  Defendant denies having any intent to fraudulently conceal assets.

Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint regarding documents received by Plaintiff's counsel and, therefore, neither admits nor denies the same.  Defendant denies any and all remaining allegations contained in Paragraph 8 of the Complaint.

9.      Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, neither admits nor denies the same.  Debtor's counsel has explained the facts to Plaintiff's counsel and Defendant denies concealing any assets.

10.     Defendant admits that an Amended Statement of Financial Affairs was filed on or about May 1, 2019 (ECF at Doc. No. 31).  Defendant denies any and all remaining allegations contained in Paragraph 10 of the Complaint.

**Count 1 – Objection to Discharge**
**(Huhra Homes v. Travis Yates)**

11.     Defendant realleges and incorporates by reference all of his answers in Paragraphs 1-10 above, as if fully set forth herein.

12.     Paragraph 12 of the Complaint contains conclusions of law to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

## Count 2 – Turnover of Property
## (Huhra Homes v. Kristin Goetz)

13.     Defendant realleges and incorporates by reference all of his answers in Paragraphs 1-12 above, as if fully set forth herein.

14.     Paragraph 14 of the Complaint contains allegations to which Defendant Mr. Yates is not required to respond since Plaintiff has not sued Defendant Mr. Yates on Count 2.  To the extent a response is required, Defendant Mr. Yates denies the allegations contained in Paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint contains allegations to which Defendant Mr. Yates is not required to respond since Plaintiff has not sued Defendant Mr. Yates on Count 2.  To the extent a response is required, Defendant Mr. Yates denies the allegations contained in Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint contains allegations to which Defendant Mr. Yates is not required to respond since Plaintiff has not sued Defendant Mr. Yates on Count 2.  Additionally, Paragraph 16 of the Complaint contains conclusions of law to which Defendant is not required to respond.  To the extent a response is required, Defendant Mr. Yates denies the allegations contained in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint contains allegations to which Defendant Mr. Yates is not required to respond since Plaintiff has not sued Defendant Mr. Yates on Count 2.  To the extent a response is required, Defendant Mr. Yates denies the allegations contained in Paragraph 17 of the Complaint.

WHEREFORE, the Defendant, Travis W. Yates, respectfully requests that the Court dismiss the Plaintiff's Complaint against Defendant Travis W. Yates, and to grant such other relief as is just.

Respectfully submitted,

**/s/ Christina L. Thomas**
Christina L. Thomas, Esq., Bar #15234
Robert M. Stahl, Esq., Bar #11537
Law Offices of Robert M. Stahl, LLC
1142 York Road
Lutherville, Maryland 21093
(410) 825-4800/telephone
(410) 825-4880/facsimile
*Defendant Travis Yates' Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 3rd day of June, 2019 a copy of the foregoing

*Defendant Travis Yates' Answer to Complaint* was sent electronically or by first class

mail, postage prepaid pursuant to Federal Bankruptcy Rule 7004 to:

<u>By Electronic Service to</u>:              <u>By First Class Mail, Postage Prepaid to</u>:
Martin H. Schreiber II, Esq.            Travis W. Yates
Law Office of Martin H. Schreiber II, LLC   14705 Carroll Road
3600 Clipper Mill Road, Suite 201       Phoenix, MD 21131
Baltimore, MD 21211               *Defendant*
*Plaintiff's Counsel*

**/s/ Robert M. Stahl**
Robert M. Stahl, Esq.