IN THE UNITED STATES BANKRPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| Travis William Yeates | * | Case No.: 18-24126-MMH |
| | | Chapter 7 |
| Debtor | * | |
| * * * * * * * * | | |
| HUHRA HOMES, LLC | * | |
| Plaintiff | * | Adv. Proc #19-00139 |
| v. | * | |
| TRAVIS WILLIAM YATES and | * | |
| KRISTIN ANN GOETZ | * | |
| Defendants | * | |
| * * * * * * * * * * * * * * | | |

**DEFENDANT KRISTIN ANN GOETZ'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Kristin Ann Goetz hereby files her Answer and Affirmative Defenses to Plaintiff Huhra Homes, LLC's ("Plaintiff") Adversary Complaint and states:

**Introduction**

1.  Defendant Ms. Goetz is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1, as they pertain to Debtor only and, therefore, leaves Plaintiff to its burden.

2.      Defendant Ms. Goetz admits the first part of the first sentence of Paragraph 2 of that Adversary Complaint that both herself and Debtor removed Debtor's name from a First Financial Federal Credit Union Account because the account was her account and her account only.  Ms. Goetz is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2, as they pertain to Debtor only and, therefore, leaves Plaintiff to its burden.

3.      Defendant Ms. Goetz is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3, as they pertain to Debtor only and, therefore, leaves Plaintiff to its burden.

## Facts Common to All Counts

4.      Defendant Ms. Goetz admits the allegations contained in sentence one of Paragraph 4 of the Adversary Complaint.  The allegations in the next 2 sentences are legal conclusion to which no response is required.  Ms. Goetz further admits that her and Debtor voluntarily dismissed their Chapter 13 case on October 4, 2018.

5.      Defendant Ms. Goetz is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, as they pertain to Debtor only and, therefore, leaves Plaintiff to its burden.

6.      Defendant Ms. Goetz is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, as they pertain to Debtor only and, therefore, leaves Plaintiff to its burden.

7.      Defendant Ms. Goetz is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, as they pertain to Debtor only and, therefore, leaves Plaintiff to its burden.

8. Defendant Ms. Goetz admits the first part of the first sentence of Paragraph 8 of the Adversary Complaint that both herself and Debtor removed Debtor's name from a First Financial Federal Credit Union Account because the account was her account and her account only. Defendant Goetz denies any fraudulent concealment, as it was First Financial Federal Credit Union's policy to change the account number.

9. Defendant Ms. Goetz is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, as they pertain to Debtor only and, therefore, leaves Plaintiff to its burden.

10. Defendant Ms. Goetz is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, as they pertain to Debtor only and, therefore, leaves Plaintiff to its burden.

### Count I – Objection Discharge
### (Huhra Homes v. Travis Yates)

11. Defendant Ms. Goetz incorporates by reference her responses to paragraphs 1 through 10 of this Answer as if they were fully stated herein.

12. Defendant Ms. Goetz is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, as they pertain to Debtor only and, therefore, leaves Plaintiff to its burden.

### Count II – Turnover of Property
### (Huhra Homes v. Kristin Goetz)

13. Defendant Ms. Goetz incorporates by reference her responses to paragraphs 1 through 12 of this Answer as if they were fully stated herein.

14. Defendant Ms. Goetz states that the allegations contained in Paragraph 14 of the Adversary Complaint are legal conclusion to which no response is due.

15. Defendant Ms. Goetz admits the allegations contained in Paragraph 15 of the Adversary Complaint.

16. Defendant Ms. Goetz states that the allegations contained in Paragraph 16 of the Adversary Complaint are legal conclusion to which no response is due.

17. Defendant Ms. Goetz states that the allegations contained in Paragraph 17 of the Adversary Complaint are legal conclusion to which no response is due.  To the extent this Paragraph contains any factual allegations, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted as to Defendant Ms. Goetz.

### SECOND AFFIRMATIVE DEFENSE

1. Plaintiff seeks the turnover of assets from Defendant Ms. Goetz pursuant to 11 U.S.C. § 542.

2. Plaintiff is not a Trustee as defined by the U.S. Bankruptcy Code.

3. Thus, Plaintiff lacks standing to bring a claim under 11 U.S.C. § 542.

### THIRD AFFIRMATIVE DEFENSE

4. Paragraphs 1-3 of Ms. Goetz's Second Affirmative Defense are here by expressly incorporated in her Third Affirmative Defense.

5. Because Plaintiff lacks standing, this Court lacks subject matter jurisdiction over Plaintiff's turnover claim against Ms. Goetz.

Respectfully submitted,

      /s/ Jan I. Berlage
Jan I. Berlage 23937
Gohn Hankey & Berlage LLP
201 N. Charles Street, Suite 2101
Baltimore, Maryland 21201
410-752-9300
410-752-2519 (fax)
jberlage@ghsllp.com

Attorney for Defendant Kristin Ann Goetz

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5, 2019 a copy of Defendant Kristin Ann Goetz's Answer and Affirmative Defenses were served via electronically to:

> Martin H. Schreiber II, Esquire
> Law Office of Martin H. Schreiber II, LLC
> 3600 Clipper Mill Road, Suite 201
> Baltimore, Maryland 21211

and via first class mail, postage pre-paid to:

> Robert M. Stahl, IV, Esquire
> Robert M Stahl, LLC
> 1142 York Road
> Lutherville, Maryland 21093
>
> Travis W. Yates, *pro se*
> 14705 Carroll Road
> Phoenix, Maryland 21131

      /s/ Jan I. Berlage
Jan I. Berlage 23937